IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENCRYPTED CELLULAR COMMUNICATIONS CORPORATION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:14-cv-1678 |
| v. | § § | **JURY TRIAL DEMANDED** |
| AT&T, INC., | § § § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ENCCRYPTED CELLULAR COMMUNICATIONS CORPORATION files this Original Complaint against Defendant AT&T, INC., alleging as follows:

## I.  THE PARTIES

1.      Plaintiff ENCCRYPTED CELLULAR COMMUNICATIONS CORPORATION ("Plaintiff" or "EC3") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Melville, New York.

2.      Upon information and belief, AT&T, INC. ("AT&T" or "Defendant") is a Delaware corporation with a principal place of business in Dallas, Texas.  AT&T may be served with process by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## II.  JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent.  Federal question jurisdiction over such action is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a).

4.      Upon information and belief, Defendant has had minimum contacts with the Dallas Division of the Northern District of Texas such that this venue is fair and reasonable.  Defendant has committed such purposeful acts or transactions in this district that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.  Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the Dallas Division of the Northern District of Texas.

5.      For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.   PATENT INFRINGEMENT

6.      On September 30, 2008, United States Patent No. 7,430,665 was duly and legally issued for a "Portable Telecommunication Security Device."  A true and correct copy of the '665 Patent is attached hereto as Exhibit "A" and made a part hereof.  The '665 Patent is referred to as the "Patent-in-Suit."

7.      By way of assignment, Plaintiff owns all substantial rights in and to the Patent-in-Suit, including the exclusive rights to enforce the Patent against infringers and to collect damages for all relevant times, and including the right to prosecute this action.

8.      On information and belief, AT&T, without authority, consent, right, or license, and in direct infringement of the '665 Patent, makes, has made, uses, has used, offers for sale, has offered for sale, sells, has sold, imports, or has imported systems or products that directly infringe one or more claims of the '665 Patent. By way of example only, AT&T makes, uses, sells, or offers for sale products or services that "provide end-to-end security features for [cellular telephone] calls," including its AT&T Encrypted Mobile Voice system, that directly infringe at least Claim 1 of the '665 Patent.

9.      Further, upon information and belief, AT&T contributes to or induces infringement by others of one or more of the claims of the '665 Patent.

10.     For example, AT&T contributes to the infringement of its customers, subscribers, and end users by providing to certain of those individuals, including, on information and belief, individuals in this judicial district (collectively, "Customers"), all of the components and materials necessary for those Customers to make and use the Encrypted Mobile Voice system, which directly infringes at least Claim 1 of the '665 Patent.   Those Customers directly infringe because they practice the claimed invention by making and using the Encrypted Mobile Voice system within the United States.

11.     By way of example only, and on information and belief, AT&T contributes to infringement by others as follows.  The Encrypted Mobile Voice system includes smartphones combined with KoolSpan TrustChips.  In some instances, AT&T makes and sells the entire infringing system, including multiple cellular phones that include TrustChips.  In other instances, AT&T offers for sale and sells certain components, including one or more TrustChips.  The TrustChip has no substantial non-infringing uses; it is one component of the infringing system; it constitutes a material part of the invention; AT&T knows that the item is especially made for, or especially adapted for use in, an infringement of the '665 patent; and the item is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

12.     By way of further example, AT&T induces infringement by its Customers because, on information and belief, it specifically intends for its Customers to infringe the '665 Patent and knows that its Customers' acts constitute infringement.  For example, and on information and belief, AT&T encourages and advises Customers about how to make and use the infringing system by

advertising the infringing system, on its website and otherwise, and by providing to Customers instruction manuals and product briefs describing how to make and use the infringing system.

13.     In addition, and on information and belief, AT&T has purposefully and voluntarily placed infringing products, including its Encrypted Mobile Voice system, into the stream of commerce with the expectation and understanding that its products will be purchased and used by Customers.

14.     AT&T has had knowledge of the existence of the Patent-in-Suit since at least as early as the date it was served with this Complaint, if not earlier, and had knowledge of its infringement, both direct and indirect, at least as early as the date on which it was served with this Complaint.

15.     Upon information and belief, Defendant will continue its infringement of the Patent-in-Suit unless enjoined by the Court. Defendant's infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## V.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.      Judgment that one or more claims of the Patent-in-Suit have been directly infringed, either literally or under the doctrine of equivalents, by Defendant; or judgment that one or more claims of the Patent-in-Suit have been directly infringed by others and indirectly infringed by Defendant, to the extent Defendant contributed to or induced infringement by others;

b.      Judgment that Defendant account for and compensate Plaintiff for all damages suffered by and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.   That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d.   That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

e.   That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of the Patent-in-Suit; and

f.   That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   May 6, 2014.**                              Respectfully submitted,

/s/ David A. Skeels
State Bar No. 24041925
Michael T. Cooke
State Bar No. 04759650
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
skeels@fsclaw.com
mtc@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**